OCT. TERM<br>1836.<br>Admr. of Janis<br>v.<br>Gurno.

———⟨o✳o⟩———

## ADM'R. OF JANIS v. GURNO.

A certificate of the recorder of land titles, confirming a claim to a village lot in St. Charles, gives sufficient title to maintain an ejectment, unless the person in possession can show a better title.

*Gamble and Allen, for deft. in error.*

The question presented by this record is, whether the certificate of the recorder of land titles, set forth in the bill of exceptions, shewed any title in the pltf's. intestate? The negative is maintained by the deft. in error, and the acts of Congress of 13th June 1812, p. 160, Land laws; and of 26, May 1824, p. 884, id.

Opinion of the court delivered by McGIRK Judge.*

The administrators of A. Janis, brought an action of ejectment against Gurno, for a lot of land in the town of St. Charles. The defendant pleaded not guilty. On the trial the plaintiffs gave in evidence a certificate of the recorder of land titles for Missouri, in substance as follows: "It is hereby certified, that by virtue of the act of Congress, passed the 13th day of June, in the year 1812, entitled an act making further provisions for settling the claims to land in the territory of Missouri. The claims of Antoine Janis, sr. under Joseph Lavara and Nicholas Fay, to a lot lying in St Charles, containing 240 feet &c. has been duly confirmed; and that the fact of possession and cultivation required by the act of Congress aforesaid, with the boundaries &c. have been duly proven according to the act supplementary to the act of 13th June 1812." It was also proved that the defendant was at the time of the commencement of the suit, in possession of the prem-

Statement of the case.

---

*Judge Wash absent.

OCT. TERM
1836.

Admr. of Janis
v.
Gurno.

ises. This was all the evidence given in the cause.— Whereepon the court decided, that the certificate of the recorder of land titles, above set forth, shewed no right or title whatever in Janis, and without other documentary evidence, the plaintiff could not recover; which opinion was excepted to, and is now assigned for error. In the argument of the cause, the counsel for the defendants in error, endeavor to support the opinion of the court on the ground that the plaintiffs should have showed their conveyance from Fay and Larara; and that the fact that the recorder has said the claim of Janis under them is confirmed, cannot help or supply the want of such conveyances. On the other side, the argument is, that the certificate puts a sufficient legal title in the plaintiff, under the act of assembly, to enable them to maintain the action.

Opinion of the court.

A certificate of the recorder of land titles, confirming a claim to a village lot in St. Charles, gives sufficient title to maintain an ejectment, unless the person in possession can show a better title.

The act of the general assembly, provides that the action of ejectment may be maintained upon a confirmation made under the laws of the U. S. against any one in possession, who has not a better title thereto. What shall be considered a better title, the act does not define. It surely does not mean that the bare possession of the defendant shall be so considered? We understand then, that the meaning of the act is, that when the plaintiff produces a confirmation of the land to himself, he has made out his case, and will be entitled to recover, unless the defendant can shew a better title. What in all cases, or indeed what would be a better title in any case, need not be now decided. But it is said, that in this case, the confirmation is not to Janis, but is to be understood as only being a confirmation to the right owner; and that Larara and Fay, are shewn to be the first owners, the confirmation enures to them unless Janis, will shew by other evidence than contained in the certificate, that he is the owner of the land. We cannot doubt that the recorder considered he was making the confirmation to Janis, his language is, that "The claim of Janis under them is confirmed." From the language of the certificate, the confirmation is made to Janis. But it is denied by the defendant's counsel that the recorder had any power to make the confirmation to any one but the original claimant. The act of Congress of June 13th confirms to the inhabitants, village and common field lots, inhabited or cultivated prior to the 20th December 1803. It is admitted that if the cultivation or inhabitation existed prior to that time, the party by the act of Congress, has a legal title, though he has no confirmation by any board of

commissioners: yet, in all trials, when he claims a right to the land, he must shew the fact by extrinsic and in most cases parol, testimony. This would, after a lapse of many years, be hard to do. It was therefore, proper that Congress should provide some means by which the evidence of the facts might be embodied and rendered durable. With this view in part no doubt, the act supplementary was passed. A further reason for the passage of the supplementary act, was to enable the Government to set apart the private claims from the public domain, and the school lands given to the villages for education. We see no reason why it was not competent for the Congress to do this, and to require the recorder to take the testimony, and give a certificate that cultivation or inhabitation, according to the act of 1812, had been proved. Congress did not declare the effect of this certificate, but the act of the general assembly of March 9th 1835, has declared such certificate of confirmation shall be sufficient to maintain the action of ejectment, unless the defendant has better title. But it is said that the recorder has no power by law to decide whether the lot belonged to Janis or to Larara and Fay. The act supplementary to the act of 1812, declares that "it shall be the duty of the *individual* owners or claimants of town or village lots in the several towns or villages of Portage de Sioux St. Charles &c.; whose lots were confirmed by the act of 13th June 1812, on the ground of inhabitation, cultivation or possession, prior to 20th December 1803, to proceed within 18 months from the passage of the act, to designate their lots by proving before the recorder of land titles, the fact of such inhabitation, cultivation or possession, and the boundaries &c.; so as to enable the surveyor general to distinguish the private from the vacant lots." The 3rd section requires the recorder to issue a certificate of confirmation, for each claim confirmed. (See act of 26, May 1824.) This act requires the owner or claimant to make the proof to the recorder. The recorder must necessarily be clothed with power to judge whether the person who offered the proof was at the time, the owner or claimant: to do this, he must look at deeds and evidence, when he was satisfied that the person offering to make proof, had a right to claim the land, he would hear the proof and grant him the certificate of confirmation, as claimed under those who made the cultivation &c. The act requires the owner or claimants to make the proof, when they do this, it must be supposed that they acted for their own benefit and not for the

assignor, Janis' claim as derived under Larara and Fay, was the thing confirmed, and not the claim of Larara and Fay, to them they made no claim. The act of the general assembly of 1835, has, in our opinion, made this confirmation, which is in fact to Janis a title sufficient to maintain the action of ejectment, unless the defendant has a better title. The opinion of the circuit court was wrong: the judgment is reversed; the cause is remanded for further proceeding.