## STATE OF MISSOURI vs. AMES.

1. When an indictment commencing thus: " The grand jurors for the State of Missouri for the county of *A*," &c., lays the venue "at the county aforesaid," it is well laid.

2. An indictment for keeping a gaming table, charging that the defendant "did keep a certain gambling device, &c., called a faro-bank, and did then and there induce idle persons to play at said gambling device for money," is not double—the acts alleged constitute but one offence.

## APPEAL from St. Charles Circuit Court.

STRINGFELLOW, *Attorney General, for the State.*

The indictment is in the words of the statute, and the venue properly laid. The indictment begins, "The grand jurors for the county of St. Louis, on their oaths, present, that on, &c., at *said county*," &c. This is sufficient even without reference to the venue in the margin. 4 Mo. R:. 454, State vs. Palmer, *et al.*

CAMPBELL, *for Appellee, insists·*

1. The indictment is defective in this: it does not in the body of the indictment state in what

county the offence was committed, but only states the place by a general reference to the name of the county, as mentioned in the preliminary portion of the indictment, where it is stated for what county the grand jury is sworn.

2. Both counts of said indictment are double, and charge two distinct offences; first, the unlawful keeping of a faro bank; secondly, the inducing and permitting persons to bet money and property thereon. The two counts are substantially the same, and if one is bad, both are bad.

McBRIDE, J., *delivered the opinion of the Court.*

Benjamin Ames was indicted by the grand jury of St. Louis county, and obtained a change of venue to St. Charles county, where, on his motion, the indictment was quashed, and the State brought the case to this Court by appeal.

The indictment is in the following words, to-wit:

"*County of St. Louis, ss:*

" The Grand jurors for the State of Missouri, within and for the body of the county of St. Louis, upon their oaths, present, that Benjamin Ames, late of the county aforesaid, laborer, on the first day of May, in the year of our Lord one thousand eight hundred and forty-six, at the county aforesaid, a certain gambling device, commonly called a faro-bank, adapted, devised and designed for the purpose of playing games of chance 'for money, unlawfully did keep; and at and upon and by means of the said gambling device, on the said day and year aforesaid, and on divers other days and times, between the day of the taking of this inquisition, there unlawfully and wilfully did induce and permit divers idle and evil disposed persons to play at games of chance for money, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

The second count charges the playing to have been for money and property.

The motion of the defendant to quash the indictment sets out the following reasons : 1. There is no venue stated in the indictment.   2. The venue is not properly stated.   3. Indictment does not state in what county it was found.   4. Indictment is otherwise defective, illegal, and insufficient.   5. All the counts in the indictment contain two distinct charges of offence.

. Two objections to the indictment have been relied upon in this Court to sustain the judgment of the Circuit Court.   The first is the insufficiency of the venue.   This objection is said to be sustained by the decision of this Court in the case of the State vs. Cook, 1 Mo. Rep., 390. Taking the statement of that case, made by the Judge who delivered the

opinion, and the indictment against Cook differed materially from the one now under investigation. The only place where the county was set out was in the margin of the indictment, and the offence was charged to have been committed " at the county aforesaid." And even in that case, where the indictment was so inartificially drawn, the Judge said, " if we are at liberty to judge this case by reason, we would say, the indictment, as to place, is certain enough; but we are bound by authority, unless that authority is manifestly absurd and unjust, and it is not enough that there appears no reason for the authority."

But, recognizing for the present the correctness of the principle laid down in the case of the State vs. Cook, and still the indictment in the case before us may be adjudged sufficiently certain as to place. It sets out in the margin, as did the one against Cook, the name of the county, and then commences as follows: " The grand jurors of, &c., within and for the body of the county of St. Louis," &c. Here, then, the county of St. Louis is laid in the body of the indictment, as well as in the margin, and following the statement in the indictment, the reference by the use of the words "at the county aforesaid," means clearly the county of St. Louis.

The counsel for the defendant is in error, when he supposes the latter setting out " of the county of St. Louis" is in the margin of the indictment. We understand the margin to be the edge of the leaf or page left blank, and the body of the indictment, that part which follows after the beginning or commencement, "The grand jurors," &c.

The next objection to the indictment is, that it is double, charging two offences in each count. Two answers may be given to this objection. First, the indictment is in the words of the statute creating and defining the offence; and, second, the several facts charged are necessary to constitute the offence. State vs. Palmer & Doll, 4 Mo. Rep., 453. The Circuit Court erred in quashing the indictment, and its judgment ought to be reversed; and the other Judges concurring, the judgment is reversed and the cause remanded.